GUSTAVO WISCOVITCH ET AL., Petitioners, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO ET AL., Respondents.

No. O-70-24.     Decided February 9, 1971.

*Gilberto Cobián Aparicio* for petitioners. *Emilio Delgado Roque, Miguel A. Guzmán Soto, Jorge Márquez Gómez,* and *Manuel Candelario Muñiz* for respondents.

MR. JUSTICE MARTÍNEZ MUÑOZ delivered the opinion of the Court.

The present appeal deals with an important aspect of the right to legal assistance to which workmen and employees, their heirs or beneficiaries are entitled by law, during the prosecution and defense of their rights in cases of claims for labor accidents: payment of fees for such services.

In substance, the events which gave rise to this appeal are: The Manager of the State Insurance Fund awarded a permanent *partial* disability to some workmen injured in labor accidents and granted a compensation of six thousand dollars to each one of them, which was the maximum compensation allowed by the law then in force.[1]

The injured workmen took appeal therefrom to the Industrial Commission using the legal services for that purpose. In the appeal, through decision rendered by the Commission on July 9, 1965, they succeeded in having a *total* permanent disability awarded and in increasing to $18,900 the compensation fixed by the Manager. For the services rendered by the attorneys the Industrial Commission fixed their fees at fifteen percent (15%) of the increase obtained on appeal, up to a maximum of one thousand dollars. The attorneys received from the Manager the amount of one thousand dollars for their services on appeal, maximum which may be paid for attorney's fees, pursuant to § 7, subdivision (2) (B) of the Regulations of the Industrial Commission, 11 R.&R.P.R. § 8–7 (2) (B).

---

[1] Act No. 45 of April 18, 1935, known as the Workmen's Accident Compensation Act, 11 L.P.R.A. § 3, subdivision 3.

Subsequently, on May 4, 1966, the decision of the Industrial Commission being final,[2] the Manager reduced the injured workmen's compensation from $18,900 fixed by the Commission to $11,215.80. The Manager took this decision in accordance with an opinion rendered by the Comptroller of Puerto Rico on March 10, 1966.

Feeling aggrieved by this reduction, the workers appealed to the Industrial Commission through *other* attorneys, who appeared before the Commission at a public hearing held on January 25, 1967. In this second appeal, on August 17, 1967, the Industrial Commission awarded again a *total* permanent disability and fixed the compensation at $18,900 and not at $11,215.80 as the Manager had decided on the basis of the Comptroller's opinion.[3]

In this last decision, the Commission fixed the attorney's fees for the services rendered in the second appeal at fifteen percent (15%) of the increase obtained by the injured workmen in each one of the cases.

The Manager requested a reconsideration of that part of the decision which fixed the attorney's fees; and two years later, the Industrial Commission, agreed thereto by modifying its decision, eliminating them ". . . in view of the clear and simple language of the provision governing the payment of attorney's fees for legal services . . .", thus adopting the

---

[2] "Any interested party may present certified copies of an order or decision of the Industrial Commission, in accordance with this chapter, against which a petition for review has been filed and a decision rendered thereon, a review of which before the Supreme Court of Puerto Rico may be requested within *the term of fifteen (15) days* after notification thereof; Provided, That said review may be granted only on questions of law, or upon appreciation of the evidence when such evidence is of an expert nature.

"None of the parties shall incur costs of any kind in the prosecution of the remedies established by this chapter." 11 L.P.R.A. § 12. (Italics ours.)

[3] See *Rodríguez* v. *Industrial Commission, ante,* p. 357, where we considered the controversy in regard to the formula used to compute the compensation in cases of total and permanent disability resulting from labor accidents.

Manager's argument to the effect that the fees granted by the decision of August 17, 1967, for services in the prosecution of what we have called the *second* appeal were *illegal*, since § 7 of the Regulations provides that *no* attorney's fees shall be paid in excess of the sum of $1,000 and that that amount had been exhausted through the payment made to the attorneys who handled the *first* appeal.

A reconsideration requested by the attorneys was dismissed. They resorted to this Court for review, for they have not collected yet for the services rendered to the injured laborers in the second appeal.

We agreed to review. The attorneys maintain that "a case" is or arises from any decision adverse to an injured party. That is to say, that a case is a legal controversy before the Commission and not a claim, and that to construe the word "a case" as synonymous to claim would result in leaving the injured parties without legal assistance during the stage of appeal, thus denying the right to legal assistance under the due process of law.

The Workmen's Accident Compensation Act[4] was approved, as it is set forth in the title, to promote the welfare of the inhabitants of Puerto Rico in or regarding accidents causing death or injuries, or diseases or death caused by the occupation of the workmen in the course of their employment. In order to execute these purposes, a system of compulsory insurance for the employers, compensations and benefits for the workmen or their beneficiaries in case of death was established to be administered by the state.

Some agencies, the office of the Manager of the State Insurance Fund and the Industrial Commission were established to render services to the workmen. The first, to take care of the rendering of medical and hospital services, investigations, payment of compensations, and liquidation of cases. The sec-

---

[4] Act No. 45, approved on April 18, 1935, 11 L.P.R.A. § 1 *et seq.*

ond, with quasi-judicial and quasi-tutelar functions, for the decision of all those accident cases where the Manager and the workman or his beneficiaries fail to reach an agreement with regard to the compensation, recognizing the workman's right to appeal to the Commission from any decision of the Manager with which he did not agree.

Our Act in its § 35,[5] 11 L.P.R.A. § 36, as amended by Act No. 69 of June 23, 1965, acknowledges the right of the workman or his beneficiaries to receive legal assistance before the Manager or before the Industrial Commission for the better direction and defense of their cases; it empowers the Commission to fix, chargeable to the State Insurance Fund, the percentage that should belong to the attorney as fees; and finally

---

[5] Said section, under the title of "attorneys or agents" provides:

"For the prosecution, liquidation, or decision of their cases before the Manager of the State Fund or before the Industrial Commission, workmen or employees do not require the services of attorneys, but if they decide to obtain the services of one for the better direction and defense of their cases, the Industrial Commission shall fix the percentage which should be paid to the attorney in prosecuting a claim in favor of the employee or workmen or their heirs or beneficiaries, in accordance with the provisions of this chapter.

"In such cases the Industrial Commission shall fix, chargeable to the State Insurance Fund, the percentage that should belong to the attorney as fees. Expenses incurred by the State Insurance Fund under this provision shall not be computed in the actuarial costs for fixing the insurance premiums. In cases of employers uninsured in violation of law, said expenses shall be charged to the uninsured employer, when the workman wins the case. Under no circumstances shall the appearance of agents or other persons be allowed in any case of claim before the Industrial Commission unless it is a case of a minor or incapacitated person, in which case the person representing the minor or incapacitated person cannot collect any sum or receive any remuneration of any kind for representing or assisting the interested person in his claim for compensation.

"In cases that are the object of review before the courts and in mandamus cases authorized by this chapter and in which the services of an attorney are utilized, the court before which the case is tried shall fix the fees which the attorney should equitably receive. In cases of employers uninsured in violation of law, the expenses shall be charged to the uninsured employer, when the workman wins the case.

"The fees fixed by the Industrial Commission or the court shall be the only fees that the attorney shall receive for his services."

provides, that the fees fixed by the Industrial Commission "shall be the only fees that the attorney shall receive for his services."

██ As it can be noted, the purpose of the Act is to provide attorney's services free of charge to the claimant workmen placing them in a better position to assert their rights before a great number of highly technical and complicated questions, concerning the legal as well as the medical aspect, which usually arise in the prosecution of these cases. If we add to this the marked advantage enjoyed by the Manager, with the legal and technical assistance of the specialized personnel available to him in these matters, and his dual capacity of performing investigations of the claims raised against the Fund and awarding the payment of compensations and the liquidation of the workmen's cases, we shall understand the reason for a system aimed to encourage; not discourage, legal advice and assistance to the injured workmen or their beneficiaries in the prosecution of their claims.

That was the legislative intent of the amendment to § 35, adopted by the Legislature through Act No. 69 of June 23, 1965, providing that the percentage fixed by the Industrial Commission as attorney's fees would be chargeable to the State Insurance Fund, and not chargeable to the compensation awarded.

In Rodríguez v. Industrial Commission, 97 P.R.R. 420 (1969), we considered the question of whether or not said law was applicable to cases pending prosecution even though the same had arisen before said law was in force. In deciding in the affirmative we found support in the report of the Labor Committee recommending the approval of Act No. 69, which in part reads thus:[6]

"The present § 35, places the worker, who uses the services of an attorney, in a somewhat unfavorable position. He has to

---

[6] 3-3 Servicio Legislativo de Puerto Rico 453, July 23, 1965.

support [*sic*] the payment of the fees, even though it is the Manager himself who appeals to the courts and that the employer is an uninsured one. This situation does not encourage the use of these professional services; on the contrary it discourages them."

The Manager contends that the meaning of the term "case" should be looked up in the administrative policy followed by the agency since 1961 when the Regulations of the Industrial Commission were approved. In other words that *case* is synonymous with *claim*; and the maximum of $1,000 fixed by the regulations for attorney's services rendered, having been exhausted in the *first* appeal, the payment of fees for services rendered in the *second* would be illegal.

We do not agree. The Regulations of the Industrial Commission in § 8–7 approved in 1961[7] provide:

"The Industrial Commission shall authorize payment of the following fees chargeable to compensation [repealed by the Act in 1965]

(1) In cases of permanent partial disability:
    (A) .      .      .      .      .      .      .      .
    (B) .      .      .      .      .      .      .      .
(2) In cases of permanent disability or death:
    (A) :      .      .      .      .      .      .      .
    (B) *For services rendered before the Commission,* a sum which shall not exceed 15 percent of the increase obtained through *the appeal;* Provided, that in cases arising after July 1st 1960, the percent shall be computed taking as a basis the sum total of the retirement payments corresponding to the beneficiaries or to the worker during a period of 10 years; *Provided furthermore, that no attorney's fees shall be paid in excess of the sum of $1,000.*" (Italics ours.)

We are dealing in this case with the attorney's professional services rendered in an appeal raised by a decision of the Manager modifying another, already final, of the Industrial Commission, agency of higher hierarchy, and quasi-

---

[7] 11 R.&R.P.R. § 8–7.

judicial powers to review the decisions of the Manager. The present situation is, by all means, a sui generis, peculiar situation, which has provoked an interpretation which does not seem to be the product of experience.

We are considering, rather than a policy, a problem of interpretation of an administrative regulation. Our duty is to see that the interpretation of the administrative agency finds support in the purpose which springs from the proper § 35 of the Act. *Hernández García* v. *L.R.B.*, 94 P.R.R. 21, 28 (1967); *Rosario Mercado* v. *San Juan Racing Assn.*, 94 P.R.R. 605, 614 (1967); *South P.R. Sugar Co.* v. *Board*, 82 P.R.R. 814, 831 (1961); *Ex Parte Irizarry*, 66 P.R.R. 634, 638 (1946).

We have seen that that purpose is to offer legal services to the injured worker, chargeable to the State Insurance Fund, whenever the workman deems it convenient for the better direction and defense of the claim. This is the controlling factor in this controversy.

The interpretation of the Commission fails to comply with that purpose, for it would rather discourage than encourage, the utilization of the legal services, as is the purpose of the law.

■ We think, and it is thus decided, that the phrase "no attorney's fees" is used in § 8–7 of the Regulations in connection with the phrase "For services rendered before the Commission." Its meaning is as follows: *"For services rendered before the Commission . . . no* attorney's fees shall be paid in excess of the sum of $1,000."

The purpose of the law is thus achieved. In *Rodríguez* v. *Industrial Commission, supra* at p. 425, we held that:

"The use of attorney's services by an injured worker depends on the necessity which he has of such services. He is not bound to use them pursuant to the provisions of § 35 of the Act, and *he may retain them at any stage of his claim."* (Italics ours.)

The decisions appealed from will be set aside and the cases remanded to the Industrial Commission, for the latter to fix attorney's fees for the services rendered by petitioners in the second appeal pursuant to the provisions of § 8–7 of the Regulations.

Mr. Justice Santana Becerra did not participate herein.